**Billy Don Franklin BOULDEN, Appellant,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, Appellee.**

No. 24174.

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

On Petition for rehearing en banc of 5 Cir., 385 F.2d 102; 5 Cir., 393 F.2d 932.

William B. Moore, Jr., Montgomery, Ala., for appellant.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge and TUTTLE, WISDOM, GEWIN, BELL THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON and CLAYTON, Circuit Judges.

PER CURIAM.

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the Judges in active service having voted against granting a rehearing en banc.

It is ordered that the cause shall not be reheard by the Court en banc.

TUTTLE, Circuit Judge (with whom the Chief Judge concurs, dissenting):

I dissent from the denial of the petition for rehearing en banc. It is clear that there was an illegal interrogation and inculpatory statement obtained from this prisoner immediately following the shooting and it is clear beyond doubt that in the eliciting of the confession subsequently admitted by the State Court as a valid confession, much stress was placed by the officers on the fact that Boulden had already confessed under the circumstances which I find completely impermissible. These circumstances include the holding of the accused in a police car at the scene of the crime with a very substantial gathering of people in a threatening mood in and about the car and the confrontation of the accused by a statement of an eye witness that he was the man who was guilty, at which time he made inculpatory statements, although attempting to defend himself on the ground of self-defense. Also, the refusal of the custodial officers to permit his parents to visit him before he gave the second confession bring the case very close to the circumstances announced in the recent Supreme Court decision in Darwin v. Connecticut, 391 U.S. 346, 88 S.Ct. 1488, 20 L.Ed.2d 630. However, my principal reason for feeling that the conviction should be set aside for a new trial is that assigned by Mr. Justice Harlan in his concurrence. Here, it is clear beyond doubt that what has been held to be a legal confession was obtained by the officers repeatedly calling the accused's attention to the fact that he had already made sufficiently damaging statements and that they merely wanted him to fill in the details.