216 So.2d 286

Ben T. **MATHIS**

v.

The **STATE** of Alabama.

4 Div. 305.

Supreme Court of Alabama.

Oct. 3, 1968.

Rehearing Denied Dec. 12, 1968.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

C. H. Erskine Smith, Birmingham, Chas. Morgan, Jr., and M. Laughlin McDonald, Atlanta, Ga., for appellant.

SIMPSON, Justice.

The appellant (petitioner) was tried on an indictment charging first degree murder and, on September 14, 1964, found by the jury guilty and given the death penalty. He appealed to this court, and the judgment was affirmed. Report of that case is to be found in 280 Ala. 16, 189 So.2d 564. Thereafter appellant applied to the Supreme Court of the United States for certiorari to review the decision of this court. The writ of certiorari was denied. 386 U.S. 935, 87 S.Ct. 963, 17 L.Ed.2d 807.

Thereafter appellant filed a petition in the Circuit Court of Coffee County for writ of error coram nobis. The petition was denied and this appeal followed. On the main trial the defendant was represented by court appointed counsel, both of whom ably and vigorously served the defendant's interest at each and every stage of the trial. On appeal in that case able counsel were likewise appointed and served. In the instant proceeding different counsel, though equally competent and sedulous, appeared and formulated and presented the petition and conducted examination of witnesses. The same attorneys appear for and represent petitioner on this appeal. We observe that the hearing on the petition was exceptionally lengthy, as revealed by the copious record filed in this court on the appeal—more than 200 transcript pages. Exceptional also was the unrestrained and wide scope accorded by the trial judge on the hearing. His order of denial is preceded by some ten or twelve pages of the transcript, analyzing the evidence and treating each of the grounds set forth in the petition.

■ Several grounds are asserted and relied upon to vitiate the judgment. the first is that Negroes were systematically excluded from appellant's grand and petit juries in violation of the due process and equal protection clause of the constitution. While there is abundant authority for the proposition that Negroes may not be systematically excluded from juries, the threshold question was and is, were they so excluded? Much evidence was elicited pro and con on this issue. The testimony of knowledgable witnesses showed that consistent and appropriate effort was made to have qualified Negroes on all jury rolls before and after this trial. As a matter of fact it was stipulated that 4 Negroes served on the grand jury that indicted appellant and 10 were on the jury venire of 98 from which petit jurors were selected to try him. Of these 10 the state struck 4, defendant struck 4, 1 was stricken and 1 excused by the court. The real complaint seems to be that the number of white males of the age between 21 and 65 years in Coffee County and the number of non-whites were in such proportion as to require a larger number of non-whites to be put on the jury rolls. There has never been a constitutional requirement for proportional representation of races and nationalities on juries. See Thomas v. Texas, 212 U.S. 278, 29 S.Ct. 393, 53 L.Ed. 512; Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Seals v. State, Ala., 213 So.2d 645.

The ground of claimed discrimination with respect to juries is clearly without merit.

The asserted ground for error in introduction of an incriminatory statement by appellant was fully explored and determined on the appeal in the main case, 280 Ala. 16, 189 So.2d 564, supra. That question was before the Supreme Court of the United States when it denied certiorari. 386 U.S. 935, 87 S.Ct. 963, 17 L.Ed.2d 807, supra. On the hearing on the petition for coram nobis, the matter was again reviewed. Reconsideration produced no countervailing evidence suggesting a different conclusion by the trial court. The facts on the main trial are fully stated in

**310**

the opinion, 280 Ala. 16, 189 So.2d 564, supra.

The insistence of a lack of hearing on voir dire outside the presence of the jury is refuted by the record in this case.

■ That ground of the petition assailing § 318, Title 14 of the Code of Alabama, proceeds upon the theory that it provides no separate proceedings and the opportunity given the defendant to present evidence of the issue of sentence separately from testimony as to his guilt. No case is cited in support of such a procedure. We are asked to prescribe a course of trial procedure which has not been undertaken by our lawmakers or those of any other state, so far as we are advised. It is beyond the scope of reason that a person charged with and found guilty of malicious, premeditated murder should be accorded the power of veto or modification over the action of those legally authorized and charged with the duty of fixing the penalty for a crime.

While Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed 2d 776, reflects the individual repugnance of the writer of the opinion toward the death penalty, there has been by the Supreme Court of the United States no firm holding of invalidity of statutes authorizing the death penalty, nor has that court gone to the extent of requiring separate hearings on the questions of guilt and sentence. See also Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. The argument of appellant's counsel in favor of such a procedure is more perfervid than persuasive. All accused are afforded full opportunity to present evidence of their side of the case and to vigorously cross examine adverse witnesses. The evidence given before the jury enables that body to determine the question of mitigation. There is required in each case an allocution, inquiry made by the presiding judge whether defendant has any reason why sentence should not be imposed. There is given the right to apply for a new

trial and for a review by appeal. It would be difficult to conceive of any basis for mitigation or clemency in a case such as the one here involved.

The right of trial by jury is one of our most treasured rights. A long history of criminal administration reflects credit upon our citizens who serve as jurors. To yield —if we might—to the radical procedure here asked would be just one more act of cheapening the concept of jury trial. We find no error warranting a reversal.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.