274 So.2d 298

**Wade HUBBARD**

**v.**

**STATE of Alabama.**

**6 Div. 457.**

Supreme Court of Alabama.

March 8, 1973.

See also, 290 Ala. 120, 274 So.2d 301.

## ON REMANDMENT FROM THE SUPREME COURT OF THE UNITED STATES

MERRILL, Justice.

On October 17, 1968, this court denied an application for rehearing in Hubbard v. State, 283 Ala. 183, 215 So.2d 261, wherein the conviction of Hubbard for murder in the first degree and a sentence imposing the death penalty was affirmed.

The mandate from the Federal Supreme Court in the *Hubbard* case, dated July 26, 1972, 408 U.S. 934, 92 S.Ct. 2851, 33 L.Ed. 2d 747, stated in part:

> "* * * [the] judgment [of the Supreme Court of Alabama in this cause be] vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause [be] remanded to the Supreme Court [of the State] of Alabama for further proceedings. See Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972)."

*Stewart,* cited in the mandate, is based on the concensus determination of the several opinions in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and was announced the same day, June 29, 1972. The one thing in *Furman* that is plain is that "The judgment in each case is therefore reversed insofar as it leaves undisturbed the death sentence imposed, and the cases are remanded for further proceedings."

■ Title 14, § 318, Code 1940, provides for the punishment for murder in the first degree:

> "Any person who is guilty of murder in the first degree, shall, on conviction, suffer death, or imprisonment in the penitentiary for life, at the discretion of the jury; and any person who is guilty of murder in the second degree shall, on conviction, be imprisoned in the penitentiary for not less than ten years, at the discretion of the jury."

There is no question that *Furman* has, as of now, eliminated the death penalty from our statute, § 318, supra.

■ The elimination of the death penalty from our statute does not destroy the entire statute. The only sentence which can now be imposed upon conviction of the crime of murder in the first degree is life imprisonment. This is now an automatic sentence and the jury, the trial court, the Court of Criminal Appeals and this court have no discretion or choice in the sentence. It must be life imprisonment.

■ We come now to the question of sentencing. Generally, in the future, the sentence will be life imprisonment and pronounced by the circuit court as provided in Tit. 15, § 325. And if the proper sentence is not imposed, the cause will be remanded for proper sentence.

■ But this is one of several cases where the defendant was on "death row" under a proper and legal sentence at the time of allocution and sentence. They were not executed because *Furman* and other similar cases were being submitted to the Supreme Court of the United States. See Brown v. State, 288 Ala. 680, 264 So. 2d 549[4]. We think these cases are in a special category and should be specially treated.

The highest courts in several states have handled the matter without fanfare, duplication of procedures and with safety and economy. In Anderson v. State, Fla., 267 So.2d 8, the Supreme Court of Florida said the following with which we agree:

> "We are aware of the many problems involved, when it is necessary to transport a large number of convicted murderers from the State prison to the trial court for the purpose of sentence. The

safety of the law-abiding citizen is a matter of paramount concern to the Court. Also, many hours of manpower would be consumed by law enforcement officers in transporting the prisoners. Some local jail facilities are crowded and inadequate. Since the death sentence has been outlawed, there is a greater possibility of murder for the sake of escape, particularly when the penalty to be imposed for the taking of an additional human life can be no greater than that previously imposed by the Court. The above factors are sufficient to create an exception to Rule 3.180, F.R.Cr.P., requiring the presence of the defendants at sentencing. Their absence deprives them of no rights.

"Every court has inherent powers to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to, or not in conflict with valid existing laws and constitutional provisions. See 5 F.L.P., Courts, § 14, and cases cited.

"Under the circumstances of these particular cases, it is our opinion that we should correct the illegal sentences previously imposed without returning the prisoners to the trial court."

To the same effect see: State v. Leigh, 31 Ohio St.2d 97, 285 N.E.2d 333; State v. Funicello, 60 N.J. 60, 286 A.2d 55; Patrick v. State, Okl.Cr., 502 P.2d 1289; State v. Cobb, Mo., 484 S.W.2d 196.

The sentence of death imposed on the defendant, Wade Hubbard, is vacated and set aside. In lieu and instead thereof, the sentence is corrected to provide that the said Wade Hubbard be imprisoned in the State penitentiary for the term of his natural life. The clerk of this court shall furnish a certified copy of this order to the clerk of the Circuit Court of Jefferson County, and the clerk of that court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

A copy of this opinion shall also be transmitted to the Court of Criminal Appeals because that court acquired jurisdiction of criminal matters after the instant case was originally decided by this court.

 Under the holding of the Federal Supreme Court in *Furman,* supra, which we are required to follow, the death penalty cannot be inflicted in the instant case. The permanency of the decision in *Furman* is doubtful but it must be here applied.

It follows that except as to the death sentence, the judgment of the circuit court is affirmed. With regard to the death sentence, the judgment of the circuit court is modified and the sentence is reduced to life imprisonment, and as modified, the judgment is affirmed.

Modified and affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.