275 So.2d 649

**William BELL**

v.

**The STATE of Alabama.**

**SC 270.**

Supreme Court of Alabama.

March 29, 1973.

J. L. Chestnut and Henry Sanders, Selma, for appellant.

William J. Baxley, Atty. Gen. and Herbert H. Henry, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

William Bell was indicted by the Grand Jury of Perry County for murder in the first degree in violation of Title 14, § 314, Code of Alabama 1940, Recompiled 1958. Bell pleaded not guilty. He was tried by a jury who found him guilty as charged in the indictment. He was sentenced to life imprisonment in the State penitentiary. He appealed to the Alabama Court of Criminal Appeals. On February 21, 1973, the cause was transferred to this court by authority of Title 13, § 111(11a) of our Code.

The first error alleged is that a juror had been challenged for cause by the State on the ground that the juror had a fixed opinion against capital punishment. The following occurred in qualifying the jury by the trial judge:

"THE COURT: Do any of you have a fixed opinion against capital or penitentiary punishment or that a conviction should not be had on circumstantial evidence?

"THE JURY: No response.

"THE COURT: Is there anyone here who does not believe in capital punishment?

"A VOICE: I do.

"THE COURT: What is your name?

"A VOICE: I'm opposed to capital punishment.

"THE COURT: What is your name?

"A VOICE: Erskin Clements.

"THE COURT: All right now, let me ask you a further question. Is it your

opinion—are you telling this Court that no matter how heinous the crime, no matter how clear and convincing the proof that were you a member of this Petite [sic] Jury that you could not vote to give the death penalty?

"MR. CLEMENTS: That's right.

"THE COURT: All right, what says the State?

"MR. FAILE: Challenge for cause, your Honor.

"THE COURT: The challenge will be granted and you will not be allowed to serve on this case."

■ To sustain his contention that his conviction should be reversed, appellant argues that the juror should have been clearly and extensively questioned to ascertain his position; that there were only two questions asked the juror before the State's challenge for cause was granted. He cites Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); and Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), which were followed by this court in Jackson v. State, 285 Ala. 564, 234 So.2d 579 (1970). Whatever good or evil resulted from *Boulden* and *Witherspoon*, the question raised by the appellant, relying on those decisions in this case, is now moot, as far as we are concerned here. See Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Obeying the mandate of the United States Supreme Court, this court has set aside the death sentence as a form of punishment in this state. See Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (6 Div. 457, March 8, 1973).

■ Notwithstanding *Witherspoon* and *Boulden*, there is no reversible error for excusing the juror in the proceedings below. There was no evidence adduced that the jury was prosecution prone, and furthermore the jury did not recommend the death sentence. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

■ The remaining error argued by appellant involved the polling of the jury after the foreman delivered the verdict finding Bell guilty of murder in the first degree and sentencing him to life imprisonment. Upon being polled one juror denied the verdict as hers. A motion for mistrial was made by Bell, which was denied by the trial judge. The jury was sent out by the trial judge for further deliberation, and a unanimous verdict was returned. Bell claims error because a mistrial was not declared. This was not error. It was the bounden duty of the trial judge to act as he did. Title 30, § 101, Code of Alabama 1940, Recompiled 1958; Ray v. State, 39 Ala.App. 257, 97 So.2d 594.

This court has reviewed the record and finds it free of any error.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.