282 So.2d 250

**Ex parte Billy Don BOULDEN.**

**Misc. No. 414.**

Supreme Court of Alabama.

Aug. 30, 1973.

Billy Don Boulden, pro se.

No appearance for state.

FAULKNER, Justice.

Petitioner Boulden was convicted in the Circuit Court of Morgan County, Alabama, of first degree murder and sentenced to death in accordance with the verdict of the jury. On appeal to this court, the conviction was upheld. Boulden v. State, 278 Ala. 437, 179 So.2d 20 (1965). A petition for a writ of habeas corpus was filed in the United States District Court based only on the issue of voluntariness of a confession admitted into evidence at that trial. The District Court denied relief, Boulden v. Holman, 257 F.Supp. 1013 (M.D.Ala. 1966), and the Court of Appeals for the Fifth Circuit affirmed, 385 F.2d 102 (5th Cir. 1967), rehearing denied, 393 F.2d 932, 395 F.2d 169 (5th Cir. 1968). On writ of certiorari to the Supreme Court, the decision of the Fifth Circuit Court and the District Court on the question of the confession was affirmed. Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969). In the brief and oral arguments before the Supreme Court, however, the petitioner raised for the first time the substantial question of whether the jury which sentenced him to death was selected in accordance with the principles laid down by the Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776 (1968). Although discussing the issue at some length, the Supreme Court did not finally decide the issue but remanded the case to the District Court for a further hearing on the issue.

The Supreme Court in the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) ruled that the imposition of the death penalty under statutes such as those of Alabama constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The District Court then entered an order in Boulden v. Capps, Civil Action No. 2303–N (N.D.Ala.1972) setting aside the sentence of death but stating that such order in no way affects the conviction of petitioner. The District Court then stated that any further consideration of the *Witherspoon* issue was moot and that it retained no further jurisdiction of the case.

Petitioner has invoked the aid of this court by an informal petition asking that he be released from custody or be resentenced. There is no merit in petitioner's request to be released from custody.

It appears that relief should be granted in the matter of resentencing. In Hubbard v. State, 290 Ala. 118, 274 So.2d 298, 300 (1973) this court said:

"The elimination of the death penalty from our statute does not destroy the entire statute. The only sentence which can now be imposed upon conviction of the crime of murder in the first degree is life imprisonment. This is now an automatic sentence and the jury, the trial court, the Court of Criminal Appeals and this court have no discretion or choice in the sentence. It must be life imprisonment."

Petitioner alleges that the Circuit Court of Morgan County has granted no relief. It therefore appears that this court should grant the relief requested as to resentencing.

According to principles set out in Hubbard v. State, supra, in lieu and instead of the vacated death sentence imposed on the defendant, Billy Don Boulden, the sentence is corrected to provide that the said Billy Don Boulden be imprisoned in the State penitentiary for the term of his natural life. The clerk of this court shall furnish a certified copy of this order to the clerk of the Circuit Court of Morgan County, and the clerk of that court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

A copy of this opinion shall also be transmitted to the Court of Criminal Appeals because that court acquired jurisdiction of criminal matters after the instant case was originally decided by this court.

It follows that except as to the death sentence, the judgment of the Circuit Court is affirmed. With regard to the death sentence, the judgment of the Circuit Court is modified and the sentence is reduced to life imprisonment.

Judgment modified.

All the Justices concur except BLOODWORTH, J., not sitting.