291 So.2d 746

**In re Ben T. MATHIS**

v.

**Eris PAUL, as Judge of the Circuit Court of Coffee County, Alabama.**

**Ex parte Ben T. Mathis.**

**SC 494.**

Supreme Court of Alabama.

Sept. 6, 1973.

Rehearing Denied Sept. 27, 1973.

Certiorari Denied Feb. 19, 1974.

See 94 S.Ct. 1454.

---

Ralph I. Knowles, Jr., University, for petitioner.

Lewey Stephens, Dist. Atty., Enterprise, for respondent.

## PETITION FOR WRIT OF MANDAMUS

MADDOX, Justice.

Ben T. Mathis petitions this Court to require the Honorable Eris F. Paul, as Judge of the Circuit Court of Coffee County, to set aside an order entered by him which sentenced Mathis to life imprisonment in lieu of the sentence of death originally imposed upon him in 1964 upon his conviction for first degree murder.

In the murder trial the evidence presented by the state was overwhelming in its tendencies showing that Mathis, recently escaped from a convict camp, entered the home of Mr. and Mrs. J. E. Morgan on the night of June 23–24, and in cold blood murdered Mr. and Mrs. Morgan. Mr. Morgan's body bore 111 stab wounds. He then procured some of Mr. Morgan's clothes, found the keys to the Morgan automobile and drove off in it. Mathis' trial resulted in a verdict of guilty of murder in the first degree, and his punishment was fixed at death. Judgment was entered pursuant to the verdict. This judgment was affirmed by this court (Mathis v. State, 280 Ala. 16, 189 So.2d 564 (1966). The Supreme Court of the United States denied certiorari.

Mathis subsequently filed a petition for writ of error coram nobis in the Circuit Court of Coffee County. He made several claims, but none was made because of the qualification of the jurors in regard to their opinions as to capital punishment. The lower court denied the petition. This Court affirmed. Mathis v. State, 283 Ala. 308, 216 So.2d 286 (1968).

Mathis then filed a petition for writ of certiorari in the United States Supreme Court wherein for the first time he presented a claim that the jury venire was not properly qualified in accordance with the requirements of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The United States Supreme Court granted the writ and reversed the judgment *insofar as it imposed the sentence of death*, 403 U. S. 946, 91 S.Ct. 2278, 29 L.Ed.2d 855. This Court remanded the cause to the Circuit Court with instructions to conduct a hearing to determine whether or not those jurors who had answered affirmatively that they had "fixed opinions" against capital punishment could nevertheless consider the evidence and instructions of the court and return a verdict of guilty although that verdict could result in the death penalty.

A hearing was conducted and it was determined that one of the jurors, who had been excused on challenge by the state because he answered that he was against capital punishment, had since died. Upon receipt of this information, this Court reversed the judgment and remanded the cause for further proceedings. Mathis v. State, 288 Ala. 464, 262 So.2d 287 (1972).

A reading of the opinion above shows that the ratio decidendi was solely upon the *Witherspoon* doctrine, which dealt not with guilt or innocence, but with the question of imposing capital punishment.

Mathis files this petition to compel Judge Paul to grant him a "new trial" as mandated by this Court. Assuming that mandamus is the appropriate remedy to require a trial judge to follow the mandate of this Court [Johnson v. Glasscock, 2 Ala. 519 (1841)], we nevertheless deny the petition.

From the beginning to the end of this case, no court has held that the *judgment*

*of guilt* of first degree murder is inappropriate and violative of any of Mathis' constitutional rights. It is obvious from reading the history of this case that the judgment was set aside only insofar as it *imposed the death sentence*. The judgment of *guilt* was left undisturbed. Under Alabama law, at the time this case was remanded on May 11, 1972, there were only two sentences which a jury could impose upon a verdict of guilty of murder in the first degree—life imprisonment or death. Title 14, Section 318, Code of Alabama, 1940. Parenthetically, we note that Mathis previously argued in this Court that he was entitled to have a jury other than the one which passed upon his guilt to pass upon his sentence. See Mathis v. State, 283 Ala. 308, 216 So.2d 286 (1968). Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), decided approximately one month after this Court remanded this case to the trial court, eliminated the death penalty as a permissible punishment under Title 14, Section 318. As this Court said in Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (1973):

"The elimination of the death penalty from our statute does not destroy the entire statute. The only sentence which can now be imposed upon conviction of the crime of murder in the first degree is life imprisonment. This is now an automatic sentence and the jury, the trial court, the Court of Criminal Appeals and this court have no discretion or choice in the sentence. It must be life imprisonment." 290 Ala. at 119, 274 So.2d at 300.

After remand, and on October 24, 1972, the State filed a motion to have the trial court amend the original judgment of death and impose a sentence of life imprisonment. Judge Paul granted the State's motion and amended Mathis' sentence to one of life imprisonment. Mathis wrote Judge Paul challenging his action and asked for a "new trial." Judge Paul, on January 10, 1973, granted Mathis' request and set Mathis' case on the trial docket. On January 23, 1973, the State asked Judge Paul to reconsider his order of January 10, 1973. A hearing was set on the motion on March 7, 1973 and the matter was taken under advisement. On May 29, 1973, Judge Paul entered the following order:

"IT IS THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED by this court that the order of this court dated the 10th day of January, 1973, vacating, setting aside and holding for naught an order of the court dated November 10, 1972, should be vacated, set aside and held for naught, which would reinstate the order of the court dated November 10, 1972, amending nunc pro tunc the judgement and sentence of death on this defendant to a judgement and sentence of life imprisonment in this cause."

In *Hubbard*, this Court, without remanding the cause to the Circuit Court for further proceedings, corrected the sentence to conform to the latest pronouncement of the Supreme Court of the United States. Similar modifications of the sentences were made by this Court in Lokos v. State, 290 Ala. 122, 274 So.2d 303 (1973); Swain v. State, 290 Ala. 123, 274 So.2d 305 (1973); and Jackson v. State, 290 Ala. 130, 274 So. 2d 311 (1973). The trial court here is following a procedure approved by this Court in *Hubbard*. Since the judgment of conviction has never been set aside and vacated, the trial court properly modified the sentence insofar as it imposed the death penalty and imposed a sentence of life imprisonment.

Writ denied.

MERRILL, HARWOOD, BLOODWORTH and FAULKNER, JJ., concur.