I concur in the result only. The trial court, by sentencing Seibold to life imprisonment without the intervention of a jury, did no more than this Court did in 1973, when it commuted all death sentences to life imprisonment. See Hubbard v. State,290 Ala. 118, 274 So.2d 298 (1973). Whether this Court misconstrued the effect of Furman on our substantive death penalty laws is purely academic now; what this Court did cannot now be undone. At that time, this Court thought Furman mandated that all death sentences had to be commuted, and since Seibold is similarly situated with those prisoners whose sentences were commuted by this Court, he is entitled to the *Page 1147 
same treatment. Dobbert v. Florida, 432 U.S. 282,97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Dobbert has thrown much additional light on the extent of the Furman mandate. After readingDobbert, I am personally convinced that Furman did not abolish capital punishment in Alabama, only the procedure Alabama followed under the old law in allowing the sentencing authority to exercise an unguided discretion. Because I am of this opinion, I cannot agree with the holding by the Court of Criminal Appeals that:
 ". . . The effect of Furman has been that such then apparently existing capital punishment laws of Alabama did not actually exist, for Furman was not merely prospective in application, it was retrospective as to all capital crimes, like Furman and the two companion cases, and like the three appellant committed. As to all of them, the crimes and the cases, the opinion in Furman removed their capital nature except as to those in which the sentence of death had been executed."
That holding by the Court of Criminal Appeals is obviously an incorrect statement. Dobbert involved a capital crime which Dobbert committed pre-Furman, but he was tried under a procedure which followed Furman guidelines. But for the fact that Seibold was in a class with other death row prisoners whose sentences were commuted, I think Seibold could be sentenced to death provided Alabama provided a procedure for the sentencing authority which followed Furman guidelines.