541 So.2d 465 (1989)
Donald THIGPEN
v.
Morris THIGPEN, Commissioner, Alabama Department of Corrections, et al.
86-1632-CER.
Supreme Court of Alabama.
March 10, 1989.
Rehearing Denied March 31, 1989.
*466 John Charles Boger and Steven A. Reiss, New York City, for petitioner.
Don Siegelman, Atty. Gen., and Ed Carnes, Asst. Atty. Gen., for respondents.
Ruth A. Bourquin of Testa, Hurwitz & Thibeault, Boston, Mass., and Gary S. Guzy, Washington, D.C., and Robert D. Segal of Copeland, Franco, Screws & Gill, Montgomery, for amicus curiae Johnny Harris in support of position of petitioner.
ALMON, Justice.
This case presents a certified question from the United States District Court, Southern District of Alabama. The question presented is whether, under Alabama law, Donald Thigpen can be resentenced capitally or should simply have his existing death sentence reduced to life imprisonment.
In 1975, Donald Thigpen was serving a life sentence. He escaped from prison, and after he was recaptured he was convicted of first-degree murder for killing Henry Lambeth during the time of his escape. He was sentenced to death under Ala. Code 1940 (Recomp.1958), Title 14, § 319.[1]
After exhausting state post-conviction remedies for relief from his conviction for the murder of Henry Lambeth, Thigpen filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Alabama. While his petition was pending, the United States Supreme Court decided Sumner v. Shuman, 483 U.S. 66, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987), a case striking as unconstitutional a mandatory capital statute similar to Alabama's Title 14, § 319, under which Thigpen was sentenced to death. The district court ruled that Sumner required the court to vacate Thigpen's sentence, then certified to this Court the question we address today.
Undeniably, Sumner requires that Thigpen's sentence be vacated. With the sentence vacated, the State argues that Thigpen can be resentenced to death; Thigpen contends that he cannot be resentenced to death because capital resentencing would violate numerous constitutional rights guaranteed him by the United States and Alabama constitutions.
To answer the question presented to this Court first requires an examination of the death sentencing statutes in effect at the time of Thigpen's offense.
In the 1958 recompilation of Ala. Code 1940, two provisions, Title 14, §§ 318 and 319, imposed the death penalty. Section 318 provided:
"Any person who is guilty of murder in the first degree, shall, on conviction, suffer death, or imprisonment in the penitentiary for life, at the discretion of the jury; and any person who is guilty of *467 murder in the second degree shall, on conviction, be imprisoned in the penitentiary for not less than ten years, at the discretion of the jury."
Section 319 provided:
"Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, shall, on conviction, suffer death."
The 1972 United States Supreme Court decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), invalidated the death penalty provision of § 318. See Hubbard v. State, 290 Ala. 118, 119, 274 So.2d 298, 300 (1973). Thus, at the time of Thigpen's offense, § 319 was the only statute under which Thigpen could have been sentenced to death.[2] Of course, Sumner invalidated the death sentence Thigpen was given under § 319.
Article 1, § 7, of the Alabama Constitution provides:
"[N]o person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied."
Section 319 was the only death penalty law established and promulgated prior to Thigpen's offense and still in effect at that time. Because § 319 is unconstitutional, it can not be "legally applied" to impose the death penalty on Thigpen. See art. I, § 7, of the Alabama Constitution.
The situation presented by § 319 is unlike that presented under Ala.Code 1975, § 13-11-1 et seq., in Beck v. State, 396 So.2d 645 (Ala.1980). In Beck, the clear legislative intent behind a comprehensive death penalty statute could be effectuated by severance of one clause and by a curative construction that allowed the jury to impose a sentence less than death. Here, a severance of the mandatory death sentence provision would leave § 319 meaningless, while a reconstruction of the word "shall" as "may" would necessitate wholesale engrafting of procedures, for example, for consideration of aggravating and mitigating circumstances. Such a completely new statute, neither established nor promulgated at the time of Thigpen's offense, would indisputably contravene § 7.
Thigpen's case is also unlike Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), in which the United States Supreme Court rejected a Florida inmate's challenge to his death sentence under U.S. Const. art. 1, § 10, which prohibits states from passing ex post facto laws. The wholesale revision that would be necessary to apply § 319 so as to impose a death sentence on Thigpen works far too much of a change to be allowed as a merely procedural revision.
Accordingly, under the clear, absolute mandate of the Alabama constitution, Thigpen cannot be resentenced to death.
QUESTION ANSWERED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

ON APPLICATION FOR REHEARING
The State complains that this Court did not explicitly state that Thigpen can now be sentenced to life in prison without a retrial. Strictly speaking, this question is not presented in the certified question, if only because Thigpen's challenges to the validity of his conviction have not yet been answered with finality in the federal habeas corpus proceedings; indeed, the State did not ask this Court to express such an opinion in the event that we rejected its arguments that Thigpen is subject to the death penalty.
However, in the interest of judicial economy, we deem it appropriate to point out principles applicable to the question of resentencing Thigpen in the event his conviction withstands challenge. Certainly, Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (1973), provides guidance on the question of resentencing. In that case, this Court held that Hubbard, whose death sentence *468 had been ruled unconstitutional under Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), could be sentenced to life in prison under Ala.Code 1940 (Recomp.1958), T. 14, § 318, without a retrial. The Court held that, because the striking of the death penalty provision from § 318 made that section's life sentence an automatic sentence for conviction of first degree murder, the Court could properly modify the judgment to impose a life sentence. Of course, Hubbard was on direct appeal from the conviction and sentence, unlike this certified question.
The federal district court and the State have stated that Thigpen was "convicted" under Ala.Code 1940 (Recomp.1958), T. 14, § 319. Compare Thigpen v. State, 355 So. 2d 392, 394 (Ala.Crim.App.1977), which states that Thigpen was indicted for first degree murder and that the indictment "also included reference to a prior first degree murder conviction of the appellant." At the time of Thigpen's offense and trial, § 314 defined the offense of first degree murder and §§ 318 and 319 specified the available punishments therefor. Of those punishments, only the life sentence provided for in § 318 is still valid. Therefore, assuming Thigpen's challenge to his conviction is ultimately unsuccessful, an order similar to that issued in Hubbard could presumably be appropriately entered by a court having jurisdiction of the cause.
OPINION CORRECTED AND EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
NOTES
[1] Johnny Harris, amicus curiae in this case, is, according to the State, the sole remaining individual sentenced under this statute.
[2] In March 1976, before Thigpen's sentencing on August 17, 1976, the provisions of Ala.Code 1975, § 13-11-1 et seq., became effective. Those provisions were not effective, however, at the time Thigpen committed the offense.