This case presents a certified question from the United States District Court, Southern District of Alabama. The question presented is whether, under Alabama law, Donald Thigpen can be resentenced capitally or should simply have his existing death sentence reduced to life imprisonment.
In 1975, Donald Thigpen was serving a life sentence. He escaped from prison, and after he was recaptured he was convicted of first-degree murder for killing Henry Lambeth during the time of his escape. He was sentenced to death under Ala. Code 1940 (Recomp. 1958), Title 14, § 319.[1]
After exhausting state post-conviction remedies for relief from his conviction for the murder of Henry Lambeth, Thigpen filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Alabama. While his petition was pending, the United States Supreme Court decided Sumner v. Shuman, 483 U.S. 66, 107 S.Ct. 2716,97 L.Ed.2d 56 (1987), a case striking as unconstitutional a mandatory capital statute similar to Alabama's Title 14, § 319, under which Thigpen was sentenced to death. The district court ruled that Sumner required the court to vacate Thigpen's sentence, then certified to this Court the question we address today.
Undeniably, Sumner requires that Thigpen's sentence be vacated. With the sentence vacated, the State argues that Thigpen can be resentenced to death; Thigpen contends that he cannot be resentenced to death because capital resentencing would violate numerous constitutional rights guaranteed him by the United States and Alabama constitutions.
To answer the question presented to this Court first requires an examination of the death sentencing statutes in effect at the time of Thigpen's offense.
In the 1958 recompilation of Ala. Code 1940, two provisions, Title 14, §§ 318 and 319, imposed the death penalty. Section 318 provided:
 "Any person who is guilty of murder in the first degree, shall, on conviction, suffer death, or imprisonment in the penitentiary for life, at the discretion of the jury; and any person who is guilty of *Page 467 
murder in the second degree shall, on conviction, be imprisoned in the penitentiary for not less than ten years, at the discretion of the jury."
Section 319 provided:
 "Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, shall, on conviction, suffer death."
The 1972 United States Supreme Court decision in Furman v.Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), invalidated the death penalty provision of § 318. See Hubbardv. State, 290 Ala. 118, 119, 274 So.2d 298, 300 (1973). Thus, at the time of Thigpen's offense, § 319 was the only statute under which Thigpen could have been sentenced to death.[2] Of course, Sumner invalidated the death sentence Thigpen was given under § 319.
Article 1, § 7, of the Alabama Constitution provides:
 "[N]o person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied."
Section 319 was the only death penalty law established and promulgated prior to Thigpen's offense and still in effect at that time. Because § 319 is unconstitutional, it can not be "legally applied" to impose the death penalty on Thigpen. See art. I, § 7, of the Alabama Constitution.
The situation presented by § 319 is unlike that presented under Ala. Code 1975, § 13-11-1 et seq., in Beck v. State,396 So.2d 645 (Ala. 1980). In Beck, the clear legislative intent behind a comprehensive death penalty statute could be effectuated by severance of one clause and by a curative construction that allowed the jury to impose a sentence less than death. Here, a severance of the mandatory death sentence provision would leave § 319 meaningless, while a reconstruction of the word "shall" as "may" would necessitate wholesale engrafting of procedures, for example, for consideration of aggravating and mitigating circumstances. Such a completely new statute, neither established nor promulgated at the time of Thigpen's offense, would indisputably contravene § 7.
Thigpen's case is also unlike Dobbert v. Florida,432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), in which the United States Supreme Court rejected a Florida inmate's challenge to his death sentence under U.S. Const. art. 1, § 10, which prohibits states from passing ex post facto laws. The wholesale revision that would be necessary to apply § 319 so as to impose a death sentence on Thigpen works far too much of a change to be allowed as a merely procedural revision.
Accordingly, under the clear, absolute mandate of the Alabama constitution, Thigpen cannot be resentenced to death.
QUESTION ANSWERED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] Johnny Harris, amicus curiae in this case, is, according to the State, the sole remaining individual sentenced under this statute.
[2] In March 1976, before Thigpen's sentencing on August 17, 1976, the provisions of Ala. Code 1975, § 13-11-1 et seq., became effective. Those provisions were not effective, however, at the time Thigpen committed the offense.
 ON APPLICATION FOR REHEARING