The State complains that this Court did not explicitly state that Thigpen can now be sentenced to life in prison without a retrial. Strictly speaking, this question is not presented in the certified question, if only because Thigpen's challenges to the validity of his conviction have not yet been answered with finality in the federal habeas corpus proceedings; indeed, the State did not ask this Court to express such an opinion in the event that we rejected its arguments that Thigpen is subject to the death penalty.
However, in the interest of judicial economy, we deem it appropriate to point out principles applicable to the question of resentencing Thigpen in the event his conviction withstands challenge. Certainly, Hubbard v. State, 290 Ala. 118,274 So.2d 298 (1973), provides guidance on the question of resentencing. In that case, this Court held that Hubbard, whose death sentence *Page 468 
had been ruled unconstitutional under Furman v. Georgia,408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), could be sentenced to life in prison under Ala. Code 1940 (Recomp. 1958), T. 14, § 318, without a retrial. The Court held that, because the striking of the death penalty provision from § 318 made that section's life sentence an automatic sentence for conviction of first degree murder, the Court could properly modify the judgment to impose a life sentence. Of course,Hubbard was on direct appeal from the conviction and sentence, unlike this certified question.
The federal district court and the State have stated that Thigpen was "convicted" under Ala. Code 1940 (Recomp. 1958), T. 14, § 319. Compare Thigpen v. State, 355 So.2d 392, 394
(Ala.Crim.App. 1977), which states that Thigpen was indicted for first degree murder and that the indictment "also included reference to a prior first degree murder conviction of the appellant." At the time of Thigpen's offense and trial, § 314 defined the offense of first degree murder and §§ 318 and 319 specified the available punishments therefor. Of those punishments, only the life sentence provided for in § 318 is still valid. Therefore, assuming Thigpen's challenge to his conviction is ultimately unsuccessful, an order similar to that issued in Hubbard could presumably be appropriately entered by a court having jurisdiction of the cause.
OPINION CORRECTED AND EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.