This case was remanded to the trial court for further examination of prospective juror, Mattie Terrell, to determine whether or not she was properly dismissed from the jury venire through a challenge for cause by the District Attorney, due to her opposition to capital punishment. Her dismissal for cause due to her opposition to capital punishment was proper only if she was so opposed to capital punishment, that, if left on the jury, she would have "automatically vote[d] against the imposition of the death penalty no matter what the evidence introduced at trial might reveal." See, Liddell v. State,287 Ala. 299, 251 So.2d 601 (1971); Hill v. State, 371 So.2d 60
(Ala.Cr.App. 1978), cert. denied, 371 So.2d 64 (Ala. 1979), on remand, 371 So.2d 64 (Ala.Cr.App. 1979); Bracewell v. State,407 So.2d 848 (Ala. 1979), on remand, 407 So.2d 848
(Ala.Cr.App. 1979), [cases which represent Alabama's response to Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770,20 L.Ed.2d 776, 1968)].
 I
On voir dire prior to the selection of the jury for appellant's trial below, her answers *Page 1200 
to questions with reference this issue were ambiguous, thereby necessitating this subsequent examination.
On December 28, 1982, the trial court held another hearing in compliance with our instructions. Beck v. State, [7 Div. 907, August 24, 1982], (Ala.Cr.App. 1982). The pertinent portion of this hearing reads as follows:
"DIRECT EXAMINATION BY DISTRICT ATTORNEY RAYBURN:
". . .
 "Q Now, Mrs. Terrell, I will ask you a specific question of whether if you were to sit on trial of Mr. Beck as to whether or not you would automatically vote against the imposition of the death penalty, no matter what the evidence introduced at the trial might reveal?
 "A Your Honor, may I explain myself? I would not automatically do anything. I don't understand the question, but I can explain myself.
 "THE COURT: Go ahead, explain what you would or would not do.
 "A If I was sitting on Mr. Beck's trial, anybody else's trial, I would not automatically give no death penalty because I don't believe in the death penalty. But, if I was on trial and I had to, I could.
 "THE COURT: Let's go a little bit further into it. What do you mean by `have to?'
"A Okay, May I explain myself?
"THE COURT: Yes.
 "A If I was on the jury and everybody else seemed that it had to be a death penalty, and I was the last one, I could go along with him.
 "THE COURT: Do I understand you that if eleven people on the jury, you were the twelfth one, and all of the other eleven voted for the death penalty, that in that case you would vote for the death penalty —
"A Yes, sir.
"Q — to make it unanimous?
"A Yes, I would.
"THE COURT: All right.
"MR. CARROLL: We have nothing further, Judge.
"THE COURT: Anything further?
 "(Whereupon, District Attorney Rayburn continued his examination:)
"Q Let me put it another way.
 "MR. CARROLL: Judge, the witness has answered the question in as clear as possible language. And this, again, is the same thing as intimidation on the part of the District Attorney to try to get her to change her mind.
"THE COURT: Those are your feelings?
"A Yes, sir.
 "THE COURT: You are basically, I understand, from your answers before, basically against the death penalty.
"A Yes, sir.
 "THE COURT: But, if all of the jurors, except you were to vote for the death penalty you would.
"A I would.
"THE COURT: All right.
"MR. CARROLL: Thank you, Judge.
"THE COURT: Thank you very much, Mrs. Terrell.
 "DISTRICT ATTORNEY RAYBURN: Judge, may we inquire into one thing —
"THE COURT: I beg your pardon?
 "DISTRICT ATTORNEY RAYBURN: — as to relative as to time? In other words, she — this is her feeling now. Were her feelings the same at the time the incident happened?
 "THE COURT: When you were here before and you were against the death penalty, were your feelings the same at that time?
 "A They was. If I am not mistaken I think I said that.
"THE COURT: I think you did.
 "A I told him if I had to I would, but I wouldn't like to. That may not be my exact words, but that is what I meant.
 "THE COURT: Okay, thank you very much, Mrs. Terrell.
"(END OF PROCEEDINGS)"
Based on this additional examination, and her answers as shown, we have concluded *Page 1201 
that Mrs. Terrell should not have been dismissed because of her opposition to capital punishment. For this reason the appellant's conviction and sentence below must be reversed and this cause must be remanded for another trial. Liddell v.State, supra; Hill v. State, supra.
Because of this legal error, we pretermit consideration of other assignments of error raised on this appeal.
For the reasons specified above, the appellant's conviction is reversed and this cause is hereby remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.