262 So.2d 287

**Ben MATHIS**

v.

**STATE of Alabama.**

**4 Div. 305.**

Supreme Court of Alabama.

May 11, 1972.

C. H. Erskine Smith, Birmingham, G. A. Lindsey, Elba, Joe S. Pittman, Enterprise, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This case was originally assigned to another Justice, but was recently reassigned the writer.

This appellant was adjudged guilty of murder in the first degree and sentenced to death in the Circuit Court of Coffee County, Alabama, in 1964. This judgment was affirmed by this court (Mathis v. State, 280 Ala. 16, 189 So.2d 564), and the Supreme Court of the United States denied certiorari.

Thereafter the appellant filed a petition for a writ of error coram nobis in the Circuit Court of Coffee County, but no claim of error was made because of the qualification of the jurors in regard to their opinions as to capital punishment.

The lower court denied the petition for the writ of error coram nobis, and this court affirmed the judgment of denial. Mathis v. State, 283 Ala. 308, 216 So.2d 286.

The appellant then filed a petition for a writ of certiorari in the United States Supreme Court wherein for the first time he presented a claim that the jury venire was not properly qualified in accordance with the requirements of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776. The United States Supreme Court granted the writ and reversed the judgment insofar as it imposed the sentence of death. 403 U.S. 946, 91 S.Ct. 2278, 29 L. Ed.2d 855. Only a memorandum opinion was issued in which was cited *Witherspoon,* supra; Boulden v. Holman, 394 U. S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433, and Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221.

In accordance with the mandate of the United States Supreme Court, we remanded this cause to the lower court with instructions to conduct a hearing to determine whether or not those jurors who had answered affirmatively that they had "fixed opinions" against capital punishment could nevertheless consider the evidence and instructions of the court and return a verdict of guilty although that verdict could result in a death penalty.

The lower court as promptly as feasible conducted a hearing in compliance with the

**466**

order of this court, and a full transcript thereof, properly certified, was forwarded to this court.

It appears from the record of the hearing after remandment that six jurors had been excused at the trial of the appellant because of their answers to the general question as to whether they had a fixed opinion against capital punishment. Five of these jurors appeared and were examined. As to whether their testimony showed that they were unalterably opposed to the imposition of the death penalty is not essential to a disposition of this case.

This for the reason that it was stipulated that a sixth juror, Park H. Jones, had been challenged by the state and excused upon such challenge, because of his affirmative answer to the general question as to whether he had a fixed opinion against capital punishment. It was further stipulated that the said juror, Jones, had died subsequent to the trial of the appellant and prior to proceedings after remandment.

This precise set of circumstances was present in Liddell v. State, 287 Ala. 299, 251 So.2d 601, and this court held that the judgment of guilty with a sentence fixed at death rendered in *Liddell,* supra, would of necessity have to be reversed in light of the holdings of the United States Supreme Court in *Witherspoon,* and *Boulden,* supra, and especially as the doctrines of these two cases had been augmented in Marion v. Beto, (CCA 5), 434 F.2d 29. To this same effect is our holding in Howard v. State, 287 Ala. 435, 252 So.2d 304.

As pointed out in *Liddell,* supra, inherent in the question now being considered, is the application of the Sixth and Fourteenth Amendments of the United States Constitution to the facts shown. We must therefore look to the pronouncements of the United States Supreme Court in reaching our conclusions. Regardless of what our view may be, we are bound by these decisions. Howard v. Davis, 209 Ala. 113, 95 So. 354; State v. Curran, 220 Ala. 4, 124 So. 909; *Liddell,* supra.

A full discussion of the point we are now reviewing was indulged in *Liddell* (after remandment), with citation of applicable authorities. No useful purpose would be served by again reiterating what was set forth in *Liddell.*

On the authority of *Liddell,* and *Howard,* supra, this judgment must be reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX, and McCALL, JJ., concur.