Walter Hill was charged by a four-count indictment under Alabama's Death Penalty Statute, Act No. 213, General Acts of Alabama, Title 15, Sections 342 (3)-342 (11), *Page 61 
Code of Alabama 1940, as amended, 1975,[1] for the first degree murder of Willie Mae Hammock, John Tatum, Jr., and Lois Gene Tatum, by shooting them with a pistol. The jury found the appellant guilty as charged and fixed punishment at death by electrocution.
Thereafter the trial judge conducted a post conviction hearing on the aggravating and mitigating circumstances, as required by law. He then set punishment at death by electrocution.
 I
The appellant contends that the trial court erred in granting the State's challenge for cause as to two prospective jurors.
The pertinent statute covering these challenges provides:
 "57. Additional ground of challenge in certain cases in favor of state. — On the trial for any offense which may be punished capitally, or by imprisonment in the penitentiary, it is a good cause of challenge by the state that the person has a fixed opinion against capital or penitentiary punishments, or thinks that a conviction should not be had on circumstantial evidence; which cause of challenge may be proved by the oath of the person, or by other evidence." Title 30, § 57, Code of Alabama 1940, Recompiled 1958, now § 12-16-152, Code of Alabama 1975.
In Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770,20 L.Ed.2d 776, and recently in Davis v. Georgia, 429 U.S. 122,97 S.Ct. 399, 50 L.Ed.2d 339 (1976), the United States Supreme Court held that unless a venireman is "irrevocably committed, before the trial has begun, to vote against the penalty of death regardless of the facts and circumstances that might emerge in the course of the proceedings," 391 U.S. at 522, n. 21, 88 S.Ct. at 1777, he may not be excluded.
The voir dire of the two jurors is as follows (R. pp. 19-25):
"BY DAN REYNOLDS:
"Judge, may I ask just a couple of more questions?
"THE COURT: Yes.
"MR. REYNOLDS: The last question — so that I might know exactly where you ladies and gentlemen stand; I believe he asked the question was if at the end of the trial you were convinced to the degree that the Defendant was guilty, in fact, of murder of three people. All right. If that were so, and you were convinced to that degree of proof, the Judge, I believe, will instruct you to bring a verdict that we the jury find the Defendant guilty and sentence him to the death in the electric chair.
"Is there anyone here that couldn't do that?
"JUROR SAMUEL FORD: I cannot — no matter what he did, you couldn't send him. I would give him life but I would not send him to the electric chair.
"MR. REYNOLDS: Judge, let me challenge Mr. Ford for cause.
"MR. McDOUGAL: What is your name, sir?
"JUROR SAMUEL FORD: Samuel Ford.
"MR. McDOUGAL: With your attitude, about the death penalty, you would automatically vote against a finding of guilty?
"JUROR SAMUEL FORD: If he is guilty for killing three people, I would give him life, but not the electric chair.
"MR. REYNOLDS: We ask that he be challenged for cause.
"THE COURT: Sir, you would have to be excused because the only penalty that can be rendered in this case, in the event the Defendant is found guilty, is death.
"If you cannot do that, then, of course, you can't sit on this jury because that is what the law says.
"So, if you will step back in the back of the Courtroom.
"MR. McDOUGAL: We very respectfully accept, your Honor.
"MR. REYNOLDS: Mr. Hatcher, sir, let me ask you a couple of questions. I believe the Judge will instruct you — the law is that if *Page 62 
you are convinced and proof acquired beyond a reasonable doubt and to a moral certainty that this man is guilty as charged, then the law is that the only form of punishment available to you or to the jury is death.
"JUROR IZESH HATCHER: You want an honest answer?
"MR. REYNOLDS: Yes, sir.
"JUROR IZESH HATCHER: I don't believe I could.
"MR. McDOUGAL: Judge, may I ask a question:
"MR. REYNOLDS: Jack, I have one more.
"In other words, your reservation against capital punishment — you couldn't make an impartial decision as to his guilt or innocence?
"JUROR IZESH HATCHER: To the electric chair, no, sir.
"MR. REYNOLDS: Would you be opposed to doing that? And, I apologize for asking this question, but, it is just the way that I have to do it — are you in opposition to capital punishment; you don't believe in that?
"JUROR IZESH HATCHER: That is just my feeling.
"MR. REYNOLDS: What I am asking you, is that feeling so strong that if you had two choices, one to convict him, if you believe from the evidence that he was guilty, and impose a death penalty, or if you had to vote to turn him loose; would you do that?
"JUROR IZESH HATCHER: I wouldn't turn him loose.
"MR. REYNOLDS: What if the only two choices was death or turn him loose, and you were convinced that he was guilty?
"Do you believe that the hardness of that decision would interfere with you giving the Defendant and the State of Alabama a fair trial?
"JUROR IZESH HATCHER: Yes.
"MR. McDOUGAL: Judge, may I ask a question? "THE COURT: Yes.
"MR. McDOUGAL: What is you name, sir?
"JUROR: Mr. Hatcher.
"MR. McDOUGAL: Now, are you saying that due to your attitude about the death penalty that you would automatically vote that he was not guilty regardless of what the evidence was?
"JUROR IZESH HATCHER: Well —
"MR. McDOUGAL: Sir?
"JUROR IZESH HATCHER: That is hard to say.
"MR. McDOUGAL: All right. Then you just have some mixed emotions about it?
"JUROR IZESH HATCHER: That is right.
"MR. McDOUGAL: Is that what you are telling us?
"JUROR IZESH HATCHER: Yes.
"MR. McDOUGAL: You would have trouble?
"JUROR IZESH HATCHER: Yes, sir.
"MR. McDOUGAL: But, you are not saying that you would automatically vote against a sentence of guilt or a finding of guilt because of the death penalty?
"JUROR IZESH HATCHER: No.
"MR. McDOUGAL: All right, sir.
"THE COURT: The Court doesn't understand what this witness has said.
"MR. McDOUGAL: Perhaps to clarify — Mr. Hatcher, I apologize, but we have just got to know. It is a hard thing to get to. You have expressed that your personal opinion is, and I respect that opinion that you just don't believe in the electric chair as a form of punishment; is that right?
"JUROR IZESH HATCHER: That is right.
"MR. McDOUGAL: If you were selected to serve as a juror you would take an oath and fairly try the evidence, return a verdict based upon the evidence that you hear?
"If you hear beyond a reasonable doubt and to a moral certainty that Walter Hill is guilty of murder of three people, could you as a juror impose a death penalty?
"JUROR IZESH HATCHER: I don't think I could.
"MR. REYNOLDS: Judge, we ask he be challenged for cause. *Page 63 
"Thank you, sir.
"THE COURT: Step down.
"MR. McDOUGAL: Judge, we would respectfully accept it.
"THE COURT: All right.
"MR. REYNOLDS: Ladies and gentlemen, I realize that is a difficult question. Mrs. Bynum and Mrs. Cain, you ladies heard all of the questions. You don't have any answers to this point?
"JUROR NELL CAIN: No.
"JUROR SANDRA BYNUM: No.
"MR. REYNOLDS: Okay. Just to make sure, since a couple of jurors have had — maybe the rest of you have, too. Is there anyone here now that has a feeling of opposition to death as a form of punishment in a criminal case?
"I think you understand that if you are convinced to a degree of proof required by law — that is, beyond a reasonable doubt, and to a moral certainty that this Defendant is guilty as charged in the indictment. Now, the only sentence available to you is a sentence of death.
"Thank you.
"MR. McDOUGAL: Judge, we would like to challenge for cause Pete Brown. He stated that if he was found guilty of murder, he believes that he wouldn't be put to death.
"THE COURT: Are we talking about Mr. Brown?
"MR. McDOUGAL: Yes.
"THE COURT: Would you deny?
"MR. REYNOLDS: We consider it.
"MR. McDOUGAL: We challenge the juror, Pete Brown, for cause because he stated that if he found a person guilty of killing three people, he believed he should be put to death and the Judge ruled.
"THE COURT: Overruled. "MR. McDOUGAL: And, we except.
"END OF JURY VENIRE."
The Supreme Court of Alabama in Liddell v. State, 287 Ala. 299, 251 So.2d 601 (1971) determined that case fell within the influence of Witherspoon v. Illinois, 391 U.S. 510,88 S.Ct. 1770, 20 L.Ed.2d 1776; and Boulden v. Holman, 394 U.S. 478,89 S.Ct. 1138, 22 L.Ed.2d 433.
In Liddell, supra, the court stated:
 "The doctrine of Witherspoon and Boulden, supra, is to the effect that a simple negative answer to a general question addressed to a prospective juror, as to any `conscientious scruples' or `opposition' or `fixed opinion' against capital punishment, is insufficient to excuse such juror upon a challenge because of such belief, opposition, or fixed opinion. Such venireman must be further examined to sufficiently show that he would automatically vote against the imposition of the death penalty no matter what the evidence introduced at the trial might reveal. Otherwise it cannot be assumed such would be his position.
 "The court in the course of its opinion in Witherspoon, supra, enunciated its conclusion in unmistakable language as follows:
 "`We hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. No defendant can constitutionally be put to death at the hands of a tribunal so selected.'"
This Court cannot determine from the colloquy hereabove set forth whether or not the two challenged jurors "believed" in capital punishment, or having such belief that they would be "irrevokably committed before the trial has begun to vote against the death penalty, regardless of the facts and circumstances that might emerge" from the evidence in the cause.
Accordingly, this cause is remanded to the Circuit Court with the directions that a further hearing be conducted on the issue of excusal of the two veniremen herein mentioned, and the evidence therein developed, to clearly establish these two jurors' beliefs and views. *Page 64 
The trial court is further instructed that the defendant and his attorneys be present when the questioning of the challenged veniremen takes place, and that such examination take place in their presence, with full right of cross-examination.
The trial court is further instructed that such hearing be conducted as speedily as is feasible, and that a full record be made thereof, such supplemental transcripts of such hearing, together with the trial court's findings and conclusions on the evidence adduced, and that a transcript of these proceedings under the seal of the clerk be promptly forwarded to this Court.
This case is hereby remanded with the foregoing directions to the Circuit Court of Jefferson County, Bessemer Division, for further proceedings in accordance with this opinion.
See also Mathis v. State, 288 Ala. 464, 262 So.2d 287 (1972).
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] The Death Penalty Act is now 13-11-2 through 13-11-9, Code 1975.