371 So.2d 64 (1979)
Walter HILL
v.
STATE.
6 Div. 670.
Court of Criminal Appeals of Alabama.
March 27, 1979.
Supplemental Opinion May 1, 1979.

*65 ORDER
TYSON, Judge.
This Court did, by opinion dated October 31, 1978, Hill v. State, Ala.Cr.App., 371 So.2d 60, cert. denied, Alabama Supreme Court, 371 So.2d 64, January 19, 1979, remand this cause with directions to the Circuit Court of Jefferson County, Alabama, Bessemer Division, for a further hearing with instructions to that court to determine the views of two members of the venire; namely, Samuel Ford and Izesh Hatcher, who were called during the week of October 19, 1977, to ascertain the views of the aforesaid two prospective jurors as to their belief in capital punishment, and, having such belief, whether or not they would be irrevocably committed to vote against a conviction and the imposition of the penalty of death, regardless of the facts and circumstances which might emerge during the course of the trial.
The Circuit Court of Jefferson County, Alabama, Bessemer Division, did conduct a hearing as directed and has sent this Court a supplemental transcript containing testimony of the two aforesaid jurors, which supplemental transcript is dated February 22, 1979, and certified by the court reporter under date of March 8, 1979. This supplemental transcript also contains an order of the circuit judge, dated February 22, 1979.
Each member of this Court has carefully examined the supplemental transcript, dated February 22, 1979, and the majority is of the opinion that the Circuit Court of Jefferson County, Alabama, Bessemer Division, did fail to carry out the directions and mandate of this Court in its opinion of October 31, 1978, as aforesaid. Therefore, this Court does hereby remand this case with directions to the Circuit Court of Jefferson County, Alabama, Bessemer Division, with specific instructions to hold a new hearing, with the defendant, Walter Hill, and his attorneys present, and the testimony therein taken from the two prospective jurors; namely, Samuel Ford and Izesh Hatcher, and the Circuit Court is specifically directed to ask precisely these questions as hereinafter set forth and to ascertain the proper answers from each of the two jurors, with the appellant, Walter Hill, and his attorneys having full right of cross-examination.
The questions shall read as follows:
"Did you, Samuel Ford (and/or Izesh Hatcher), at the time of the original trial of Walter Hill, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, being the week of to-wit October 19, 1977, believe in or entertain a belief against the use of capital punishment before the trial of Walter Hill had begun?"
An appropriate definite yes or no answer must be ascertained.
If either Samuel Ford and/or Izesh Hatcher should answer question one in the affirmative, then the Circuit Court is directed to ask the following specific question and obtain a definite specific yes or no answer to this question:
"Since you, Samuel Ford (or Izesh Hatcher), have stated under oath that you do not believe you could impose the death penalty against Walter Hill in the case at bar, would you be irrevokably committed to vote against a conviction of Walter Hill and an imposition of the death penalty as punishment for such conviction, regardless of the facts and circumstances that might emerge during the course of the trial proceedings?"
*66 Again, a definite yes or no answer must be obtained from each of the two prospective veniremen to the questions as hereinabove set forth. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776; Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433; Liddell v. State, 287 Ala. 299, 251 So.2d 601 (1971); and Mathis v. State, 288 Ala. 464, 262 So.2d 287 (1972).
After conducting the hearing, as herein directed, the Circuit Court is instructed to have a complete supplemental transcript of such hearing transcribed, together with the trial judge's findings and conclusions on the evidence adduced included therein, and such supplemental transcript of these proceedings, under the seal of the circuit clerk, should be promptly forwarded to this Court.
The Circuit Court is further instructed that such hearing be conducted as speedily as is feasible.
This case is hereby remanded with the foregoing directions to the Circuit Court of Jefferson County, Alabama, Bessemer Division, for further proceedings in accordance with this opinion.
REMANDED WITH DIRECTIONS.
HARRIS, P. J., and DeCARLO, J., concur.
BOOKOUT and BOWEN, JJ., dissent.
BOOKOUT, Judge, dissenting:
On our original consideration of the instant appeal, we found that prospective jurors Samuel Ford and Izesh Hatcher were excused from the venire for having a fixed opinion against the death penalty. From the record, it was not clear whether the two jurors were irrevocably committed to vote against a conviction and imposition of the death penalty regardless of the facts and circumstances that might arise during the course of the trial pursuant to Davis v. Georgia, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1976) and Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). This court, therefore, remanded to the trial court for a hearing to determine whether either of those two prospective jurors in fact held such a fixed opinion. A transcript of those proceedings in the circuit court has been filed with this court in answer to the remand. The majority of this court has now determined that the cause should again be remanded to the trial court.
From my reading of the transcript from the hearing in question, it appears that a second remandment is completely unnecessary. The majority is of the opinion that the two jurors were equivocating in their replies as to whether they would automatically vote against the death penalty regardless of the evidence. I disagree.
The following are excerpts from the testimony of Samuel Ford:
"Q. Let me rephrase it and make myself a little more clear. Under the existing Alabama statute, if a person is tried as in this case for a murder of more than one person, here we had three people. The law is, as I understand the law, is that if the jury is convinced beyond a reasonable doubt and to a moral certainty that he is guilty of that offense, the only alternative they have if they find him guilty, is that he be electrocuted, that his life be taken in the electric chair.
"That was the premise in which I asked that question, knowing that you would be unableeven if you were convinced that he was guilty, be unable to sentence him to die.
"A. If he was guilty, he killed the peoples, my feeling would have to be the electric chair.
"Q. Would you give him the electric chair?
"A. I would have to.
"Q. Let me ask you this: That would be a difficult decision for you, wouldn't it?
"A. Yes, it is.
* * * * * *
"A. It is difficult to do. My opinion, I wouldn't want to electrocute him. But, if you find him guilty of killing three peoples, well, he has got to be punished one way or another.
"Q. If the only way was the electric chair

*67 "A. Please, let me explain myself. He has to be punished one way or another. I take myself, if I killed three peoples, and I go to court, and he finds me guilty of killing three peoples, and the Court finds me guilty to go to the electric chair, they are supposed to send me to the electric chair.
"Q. We are not talking about the Court, though. We are talking about the jury.
"A. I said the jury. I said the jury find me guilty of killing three peoples, they are supposed to send me to the electric chair.
"Q. Let me ask you this: Would the difficulty of that decision, would that interfere with you giving the defendant and the State of Alabama a fair trial?
"A. No, sir.
"Q. Would not? Would you put upon the State of Alabama a burden beyond a reasonable doubt and to a moral certainty in finding a man guilty, would you require proof beyond any capricious doubt?
"A. (Witness shakes head as if to indicate the negative manner.)"
It appears from the above testimony that Samuel Ford, contrary to his general opposition to the death penalty, would have voted for the death penalty in the instant case if the State proved that the appellant had killed three people as charged.
The following are excerpts from the testimony of Izesh Hatcher:
"Q. Now, let me ask you this: Has your attitude about capital punishment changed any since October of 1977?
"A. No, sir.
"Q. Now, if you were chosen to be a juror, and you took an oath that you would fairly and truly decide the issue of guilt of a defendant, and you were told by the Court that if he was found guilty that you could only return a verdict of guilty and sentence him to the electric chair, would the fact that you would have to return a verdict of guilty and send him to the electric chair prevent you from finding him guilty?
"A. Well, the way I felt about that, I wouldn't have no other choice.
"Q. You wouldn't have any other choice?
"A. No, sir.
"Q. Are you saying then, that if you heard the evidence and you took an oath to fairly weigh the evidence and make a determination of guilty, that you would have no choice except to find him guilty if you believed he was guilty?
"A. Yes, sir.
"Q. Then, if you were selected, and you were instructed by the Court, and you took an oath to fairly and truly determine his guilt or innocence, then you would not automatically vote against a finding of guilty, would you?
"A. No, I wouldn't do that.
* * * * * *
"Q. But, if you took that oath, you wouldn't just automatically disregard your oath, would you?
"A. No.
"Q. You would have to comply with your oath, wouldn't you?
"A. Yes.
"Q. Regardless of what you opinion about capital punishment was, you would follow your oath?
"A. Yes.
"Q. And let me ask you one more time, you would not automatically vote against a finding of guilty, knowing in your mind he was guilty?
"A. Speak that again, please?
"Q. You would not automatically vote against guilty if you felt in your mind and in your hear that he was guilty?
"A. Well,
"Q. You wouldn't vote against him?
"A. No, not if I knowed he was guilty."
From the above testimony, it is apparent that Izesh Hatcher would have taken his oath as a juror seriously and would have voted for the death penalty if the State had proved its case.
The testimony of both potential jurors convinces me that neither had such a fixed opinion against capital punishment as to justify their excusal from the venire pursuant *68 to the criteria set out in Davis and Witherspoon, supra. Even assuming the majority to be correct in finding that the answers of the two jurors were uncertain, it is clear from Davis and Witherspoon that an uncertain answer does not justify the excusal of a juror in such a case. Therefore, even under the finding of the majority, error resulted in the excusal of either one of the two prospective jurors. The law is clear that if a juror is either in favor of the death penalty, or equivocating in his opinion concerning it, he must stay on the venire. He can only be excused if he would automatically vote against the death penalty regardless of what the evidence would show. By remanding this case a second time for another hearing, this court is requiring that the potential jurors have a fixed opinion either for or against the death penalty. That is not the test to be applied in such situations, and I therefore respectfully dissent.
BOWEN, J., joins in the above.
TYSON, Judge.
Pursuant to a second order of remand by this Court, 371 So.2d 65, on March 27, 1979, the Circuit Court of Jefferson County, Alabama, Bessemer Division, did conduct a further hearing to determine the views of two members of the venire who had been called during the week of October 19, 1977, namely, Samuel Ford and Izesh Hatcher, to ascertain the views of the aforesaid prospective jurors as to whether or not they entertained a belief in capital punishment, and, having such belief, whether or not they would be irrevocably committed to vote against a conviction and the imposition of the penalty of death, regardless of the facts and circumstances which might emerge during the course of the trial proceedings.
The Circuit Court did, as directed, conduct such hearing, and has furnished this Court with a second supplemental transcript, which indicates that both of the aforesaid two prospective jurors did entertain a belief against capital punishment, but both indicated they would not vote against such imposition, regardless of the facts and circumstances which might emerge during the course of the trial proceedings.
Inasmuch as both Ford and Hatcher indicated in this supplemental transcript that they would not vote against a conviction and the imposition of the penalty of death, regardless of the facts and circumstances which might emerge during the course of trial, such jurors were erroneously challenged for cause and excused from the venire just prior to the trial proceedings.
For the error shown this cause is reversed and remanded for a new trial. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776; Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433; Liddell v. State, 287 Ala. 299, 251 So.2d 601 (1971); and Mathis v. State, 288 Ala. 464, 262 So.2d 287 (1972).
REVERSED AND REMANDED.
All the Judges concur.