[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 932 
 ON REHEARING
In view of the sentence imposed in this case, we withdraw our opinion on original submission which did not specifically treat each and every issue Hill raised on this appeal. The opinion which follows addresses all the issues raised on appeal and becomes the opinion of the Court.
Walter Hill, the appellant, was indicted for the capital murder of Lois Gene Tatum, Willie Mae Hammock, and John Tatum, Jr. Alabama Code Section 13-11-2 (a)(10) (1975). A jury found him guilty of "murder in the first degree with aggravating circumstances as charged in . . . the indictment" and fixed punishment at death. At a separate sentencing hearing, a circuit judge accepted the jury's recommendation and sentenced Hill to death.
This appeal involves Hill's second conviction for the same capital offense. His first conviction was reversed in Hill v.State, 371 So.2d 64 (Ala.Cr.App. 1979). His second conviction was reversed in Hill v. State, 407 So.2d 567 (Ala.Cr.App.), cert. denied, 407 So.2d 567 (Ala. 1981), on authority of Beckv. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392
(1980), and Ritter v. State, 403 So.2d 154 (Ala. 1981). That cause was then vacated and remanded by the United States Supreme Court for further consideration in light of Hopper v.Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).Alabama v. Hill, 457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325
(1982).
The indictment averred that Hill "unlawfully and with malice aforethought, killed Lois Gene Tatum, Willie Mae Hammock, and John Tatum, Jr., by shooting them with a pistol." The indictment did not aver in the statutory language the aggravating circumstance that the persons were intentionally killed "by one or a series of acts."
A capital offense "requires an intentional killing with aggravation." Beck v. State, 396 So.2d 645, 662 (Ala. 1980). This is stressed in Alabama Code Section 13-11-1 (1975) which states: "In all cases where no aggravated circumstances enumerated in section 13-11-2 are expressly averred in the indictment, the trial shall proceed as now provided by law, except that the death penalty or life imprisonment without parole shall not be given." Section 13-11-2 (a) specifically provides that the aggravation "must also be averred in the indictment."
 "In Alabama, by statute, the aggravating circumstance must be alleged in the indictment where the death penalty is sought. The aggravating circumstances must be set forth in the indictment because the state is required to give the accused notice that a greater penalty is sought to be inflicted than for a first offense. It is fundamental that the accused must be advised and informed of the nature and extent of the offense with which he is charged.
 "Under the Death Penalty Statute, the aggravating circumstance is a statutory element of the crime. Without it, one could not be charged and convicted for `capital murder'."
 Wilson v. State, 371 So.2d 932, 940 (Ala.Cr.App. 1978), affirmed, 371 So.2d 943 (Ala. 1979), vacated on other grounds, 448 U.S. 903 [100 S.Ct. 3042, 65 L.Ed.2d 1135] (1980), reversed on other grounds, 405 So.2d 696 (Ala.Cr.App. 1981) (citations omitted). *Page 933 
We find that the necessary aggravating circumstance ("by one or a series of acts") is inherently present in the fact that multiple murders are charged in the same count of the indictment. It is clear to this Court that the purpose and intent of Section 13-11-2 (a)(10) is to create a capital offense when multiple murders are committed by one defendant. The fact that the murders are averred in the conjunctive dictates that they occurred at the same time or so near to each other as to constitute the same offense. Burgess v. State,44 Ala. 190 (1870). Additionally, we note that the fact that there are multiple murders constitutes the aggravating circumstance. We can conceive of no circumstances by which three people can be murdered without the murders being "committed by one or a series of acts."
Hill cannot complain that he had no notice that the death penalty was sought. See Ex parte Tomlin, 443 So.2d 59 (Ala. 1983). Hill's original conviction for capital murder was reversed in Hill v. State, 371 So.2d 64 (Ala.Cr.App. 1979), on authority of Witherspoon v. Illinois, 391 U.S. 510,88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). On retrial, Hill was again convicted of capital murder and sentenced to death. However, that conviction was reversed on authority of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Hill v.State, 407 So.2d 567 (Ala.Cr.App. 1981). See also Alabama v.Hill, 457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). The very indictment which is now argued to be void has been subject to judicial scrutiny for six years. It has been the basis for two trials, two appeals, and one appeal before the United States Supreme Court. The purpose of the indictment has been fulfilled — Hill knew the nature of the charge and the evidence presented by the State supports that charge.
To award Hill a new trial at which he unquestionably will, once again, be found guilty is not only fundamentally unfair but also inherently unsound when judged by the standards of common sense and reason. To grant a new trial on the basis argued by Hill would be to apply highly technical, formalistic rules of law that have absolutely no relation to the individual rights of anyone.
 II
Hill was prosecuted under Alabama's Death Penalty Act (Alabama Code Sections 13-11-1 through 9), which was condemned in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980) because it contained a preclusion clause which provided that a capital offense, under that act, did not include any lesser offenses. Section 13-11-2 (a). Our Supreme Court severed the preclusion clause from this Death Penalty Act in Beck v. State, 396 So.2d 645 (Ala. 1980) and affirmed the constitutionality of the act after changing the rules of procedure to be followed in capital cases to comport with constitutional requirements.
The issue here is whether Hill has the right to a new trial or sentencing procedure because of the presence of the preclusion clause in the statute at the time of his trial and conviction.
The arguments advanced by Hill have been considered in Hopperv. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982);Ritter v. State, 429 So.2d 928 (Ala. 1983), and most recently in Tomlin v. State, 443 So.2d 59 (Ala. 1983), wherein our Supreme Court held: "A defendant convicted under Section 13-11-2 of the 1975 statute is entitled to a new trial because of the preclusion clause in the statute if there was evidence introduced at trial which would have warranted a jury instruction on a lesser included offense or if the defendant suggests any plausible claim not contradicted by his own testimony which he might conceivably have made which would have entitled him to a jury instruction on a lesser included offense. Cook v. State, 431 So.2d 1322, 1324 (Ala. 1983)." BothTomlin and Cook stand for the proposition that, when a defendant testifies that he was in a distant location when the crime was committed, his own testimony directly contradicts any evidence he might have introduced *Page 934 
to show that he was guilty of a lesser included offense.
Hill argues that he did not present an alibi defense because, although he admitted being on the premises when the crime occurred, "it is obvious from the testimony that the Defendant had at least some knowledge of what was occurring." (Appellant's Supplemental Brief, p. 6).
Hill did not have to present evidence or testify that he was in an adjoining county or a distant place in order to establish a defense of alibi. In this case, his trial testimony that he merely drove his automobile to the residence where the killings had either just or recently occurred, that he did not go inside the residence, that his pistol was missing, and that he did not kill "those three people" was sufficient, if believed by the jury, to establish an alibi defense.
An alibi is "a traverse of the material averment in the indictment that the defendant did, or participated in, the particular act charged." Allbritton v. State, 94 Ala. 76,10 So. 426 (1892). "(T)he essence of alibi is the impossibility of the defendant's guilt based on his physical absence from the locus of the crime." Roper v. United States, 403 F.2d 796, 798
(5th Cir. 1968). Our review of the record convinces us that the evidence in this case simply would not have supported a lesser included offense under any analysis.
Hill has not suggested "any plausible claim not contradicted by his own testimony which he might conceivably have made which would have entitled him to a jury instruction on a lesser included offense." Tomlin, supra (emphasis added). His suggestions of prejudice are the speculative and theoretical type rejected in Evans, Tomlin, Cook, and Ritter. Consequently, we find that the presence of the preclusion clause in the statutory scheme under which Hill was convicted did not prejudice him and does not entitle him to either a new trial or sentencing hearing.
 III
The trial judge properly dismissed counts one (charging the murder of Lois Gene Tatum), two (the murder of Willie Mae Hammock), and three (the murder of John Tatum, Jr.) of the indictment and permitted Hill to be tried under count four only (charging the murder of all three victims). Hill objects because the dismissal of the three counts occurred after the jury had been struck.
Wooster v. State, 55 Ala. 217, 220 (1876), held: "It was the right of the solicitor, certainly at any time before the trial was commenced, . . . with the consent of the court, to enter a nol. pros. as to either count in the indictment." Contrary to Hill's interpretation, Wooster does not limit the dismissal or nolle prosequi of a count in an indictment to only the time before trial. The Alabama Supreme Court has also held that a defendant may not complain of the entry of a nolle prosequi as to one count of the indictment after the evidence was closed.Barnett v. State, 54 Ala. 579 (1875). In Morrison v. State,398 So.2d 730, 740 (Ala.Cr.App. 1979), reversed on other grounds,Ex parte Morrison, 398 So.2d 751 (Ala. 1981), this Court approved of the nolle prosequi of one count of a two-count indictment made prior to the prosecutor's opening statement and over the objection of defense counsel. See also 22A C.J.S.Criminal Law, Section 457 (b) (1961).
 IV
The former testimony of Jack P. Helton, the Deputy Coroner, given at Hill's previous trial was admissible because of Helton's death between the first and second trial. C. Gamble,McElroy's Alabama Evidence, Section 245.07 (3rd ed. 1977). Hill now argues that portions of the coroner's testimony were inadmissible because they contained "leading and suggestive" questions or because answers were unresponsive or constituted an "illegal opinion".
The trial judge properly allowed defense counsel to make his objections despite the fact that such objections were not advanced when the witness testified at the former trial. SeeLouisville Nashville R.R. v. Scott, 232 Ala. 284, 167 So. 572
(1935). These objections were also properly *Page 935 
overruled. The record shows that Deputy Coroner Helton was properly qualified as an expert and properly allowed to state his opinion on the cause of death. See McDaniel v. State,56 Ala. App. 591, 324 So.2d 305, cert. denied, 295 Ala. 410,324 So.2d 311 (1975). We find that his former testimony was properly admitted.
 V
A pistol was properly admitted into evidence over the objection that there was no proper proof of its chain of custody. Sexton v. State, 346 So.2d 1177, 1180 (Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala. 1977). Hill's argument that certain bullet fragments were not properly identified or authenticated is also without merit.
Hill's contention that his motion to exclude the State's evidence is premised on the arguments that the pistol and bullet fragments were improperly admitted into evidence. As those contentions are without merit, so also is this one.
 VI
On cross examination of Hill, the prosecutor inquired whether or not Hill had talked to the police upon his return to Alabama ("When you were brought back to Alabama did you tell the police this?"). The question was not answered. The trial judge sustained defense counsel's objection and instructed the jury to disregard any comment on the post-arrest silence of the accused. Fletcher v. Weir, 455 U.S. 603, 102 S.Ct. 1309,71 L.Ed.2d 490 (1982), held that when the accused's post-arrest silence precedes Miranda warnings, the prosecutor may impeach a defendant with his silence without violating due process. We do not consider the question to constitute ineradicable error and indulge the prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks. Kelley v. State, 405 So.2d 728, 729 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981). Moreover, the question was not answered and was therefore harmless. Borden v. State,371 So.2d 82 (Ala.Cr.App. 1979); Jones v. State, 356 So.2d 728, cert. denied, 356 So.2d 735 (Ala. 1978).
 VII
Under Alabama Code Section 13-11-2 (a)(10) (1975) the exact language of the death penalty statute under which Hill was charged is that "two or more human beings are intentionally killed by the defendant by one or a series of acts." (Emphasis added.) In his oral instructions to the jury the trial judge charged "by one or more acts." Hill argues that the use of the word "more" instead of "series" misled the jury and constituted error.
While the judge's charge is incorrect, it does not constitute reversible error in this particular case. All the evidence indicates that each victim was murdered by a gunshot wound to the brain in a sequence of related events. We find no confusion or prejudice resulting from the trial judge's charge.
 VIII
Circuit Judge Harry E. Pickens was the trial judge. He held a sentencing hearing at the conclusion of which he announced he was sentencing Hill to death. However, Judge Pickens died before he signed the written order sentencing Hill to death.
A new sentencing hearing was held before Circuit Judge Gardner F. Goodwyn, Jr., who sentenced Hill to death. Hill argues that this constitutes "a constitutionally impermissible capital sentencing procedure." We disagree. In Berard v. State,402 So.2d 1044, 1051 (Ala.Cr.App. 1980), this Court, in a capital case also involving the intentional killing of two or more human beings, remanded the cause for a new sentencing hearing and directed: "As the trial judge who conducted the original hearing is no longer holding that office, the hearing must necessarily be conducted by another circuit judge." This is in accord with the general rule that it is not error for a judge other than the one who tried the accused to pronounce judgment and sentence. Annot. 83 A.L.R.2d 1032 (1962). Here, Judge Goodwyn noted in his written findings that he "personally read and reviewed the official transcript of the record of evidence and trial which was held *Page 936 
before Judge Pickens." At the sentencing hearing before Judge Goodwyn, defense counsel, in arguing for a sentence of life without parole, stated: "I know the court has thoroughly reviewed the trial transcript of the witnesses." We find no ground for Hill to complain.
 IX
Although the statute under which Hill was indicted and convicted is of pre-Beck v. State, 396 So.2d 645 (Ala. 1980), origin, it has sufficient constitutional validity to support a conviction in certain cases. Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), and Ritter v. State,429 So.2d 928 (Ala. 1983). Its application is constitutionally permissible here, as we determined in Issue II.
 X
Although the statute under which Hill was convicted predatesBeck v. State, 396 So.2d 645 (Ala. 1980), and Alabama Code Section 13A-5-53 (1975), we make the following determinations in compliance with those authorities in affirming the imposition of the death penalty in this particular case.
In accordance with Beck, we make the following determinations: (1) Hill was convicted under Alabama Code Section 13-11-2 (a)(10) (1975) for "(m)urder in the first degree wherein two or more human beings are intentionally killed by the defendant by one or a series of acts." That offense is in fact one properly punishable by death. (2) Similar crimes throughout this state are being punished capitally. Berard v. State, 402 So.2d 1044 (Ala.Crim.App. 1980); Ex parte Kyzer, 399 So.2d 330 (Ala. 1981); Crawford v.State, 377 So.2d 145 (Ala.Cr.App.), affirmed, Ex parteCrawford, 377 So.2d 159 (Ala. 1979), vacated on other grounds,448 U.S. 904, 100 S.Ct. 3044, 65 L.Ed.2d 1134 (1980). (3) Our independent weighing of the aggravating and mitigating circumstances convinces us that the sentence of death is appropriate in relation to this particular defendant.
In compliance with Alabama Code Section 13A-5-53 (c) (1975), we make the following determinations: (1) The sentence of death was not imposed under the influence of passion, prejudice, or any other arbitrary factor (Section 13A-5-53 (b)(1)). (2) As we indicated in number (3) above, our independent weighing of the aggravating and mitigating circumstances indicates that death was the proper sentence (Section 13A-5-53 (b)(2)). In arguing for a sentence of life imprisonment without parole, defense counsel argued that despite Hill's two prior murder convictions, Hill was not "a cold-blooded killer." We find such an assertion contrary to the evidence presented and in support of our finding attach at the end of this opinion the circuit judge's findings of fact in imposing the death sentence. (3) Finally, we conclude that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant (Section 13A-5-53 (b)(3)).
In reviewing this appeal, we have searched the entire record for error and found no error adversely affecting Hill's rights. In our opinion, he received a fair and impartial trial and sentencing hearing. We find that the trial judge's findings concerning aggravating and mitigating circumstances are supported by the evidence.
The judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN;
APPLICATION FOR REHEARING OVERRULED;
JUDGMENT AFFIRMED.
All Judges concur.
 APPENDIX State of Alabama, Plaintiff vs. Walter Hill, Defendant
IN THE CIRCUIT COURT TENTH JUDICIAL CIRCUIT OF ALABAMA, JEFFERSON COUNTY, BESSEMER DIVISION
 Case No. CC 77-249
On this the 22 day of Feb., 1980, the defendant being in open court with his *Page 937 
counsel, the Honorable Robert C. Boyce, III, and Jackie McDougal, the Court makes and files the following Findings of Fact as required by the 1975 Code of Alabama, Section 13-11-3, et sequa.
 FINDINGS OF FACT UNDER THE ALABAMA CODE of 1975, SECTION 13-11-3 et sequa
In accordance with the 1975 Code of Alabama, Section 13-11-3, et sequa, the Court held a hearing on February 19, 1980.
At that hearing the defendant was present with his counsel, the Honorable Robert C. Boyce, III.
The State was represented by Special Assistant Attorney General, Tony McLain.
The trial of this defendant took place on August 21, 1979, and was presided over by the Honorable Judge Harry Pickens. A Findings of Fact hearing under the Alabama Code of 1975, Section 13-11-3 was held on September 14, 1979, Judge Pickens presiding. Judge Pickens died on September 18, 1979, having not signed the Order emanating from the hearing on September 14, 1979.
The Court, Judge Gardner F. Goodwyn, Jr. presiding, on January 8, 1980 heard the defendant's Motion For New Trial. The Court at this time determined that a new Findings of Fact Hearing under Section 13-11-3 of the Alabama Code of 1975 would have to be held before the judge presently presiding.
Prior to the Findings of Fact Hearing on February 19, 1980, the Court personally read and reviewed the official transcript of the record of evidence and trial which was held before Judge Pickens, said official transcript of the record having been properly identified and introduced into evidence before the presently presiding judge, and of which record the Court takes judicial knowledge.
On that hearing on February 19, 1980, both the State and the defendant were afforded an opportunity to present any evidence they wished to present, relevant to sentence, including evidence of any aggravating or mitigating circumstances.
In keeping with the requirements of the 1975 Code of Alabama, Section 13-11-4, et sequa, the Court finds from the evidence presented at the trial and at the sentence hearing as follows:
The defendant, Walter Hill, was about 45 years old on January 7, 1977. The defendant was at the home of Willie Mae Hammock, John and Lois Tatum and Robert and Toni Hammock. Some time after 4:30 on the evening of the 7th, Walter Hill asked Willie Mae Hammock if he could marry Toni. Willie Mae said, "No," and then went to a clothes closet in the front bedroom. Walter Hill followed her to the closet and shot her in the back of the head. Walter Hill then went to the dining room and shot John Tatum, Lois Tatum's retarded brother, in the back of the head twice. Then the defendant chased Lois Tatum through the house catching her and shooting her in the back of the head.
Thereupon, the defendant told Toni to get her clothes, and leaving 814 Mulga Avenue they proceeded to Atlanta, Georgia, where defendant kidnapped a man, telling him he had killed three people and would kill anyone that got in his way.
Thereupon, on January 9, 1977, the defendant was apprehended in Williamston, North Carolina, having in his possession a .32 caliber pistol that was proved to be the murder weapon.
The weight of the evidence showed beyond a reasonable doubt and to a moral certainty the defendant's guilt of the charged capital felony.
The capital felony of which the defendant was convicted was especially heinous, atrocious and cruel under the 1975 Code of Alabama, Section 13-11-6 (8). The Court finds that the defendant, during his commission of the charged capital felony, heartlessly and methodically executed three defenseless persons, one of which was retarded.
The Court further finds the following aggravating circumstances under the 1975 Code of Alabama, Section 13-11-6 (2). The Court finds that the defendant was previously *Page 938 
convicted of felonies involving the use of threat of violence to the person, to wit: In 1952 the defendant was adjudged guilty of murder in the 2nd degree and sentenced to ten years in the state penitentiary. According to the defendant's testimony he was released from prison in 1961. Defendant thereupon enlisted in the Jamaican Army. The defendant received a dishonorable discharge after nine months; and on September 7, 1962, the defendant was adjudged guilty in Federal Court of a violation of the Dyer Act and sentenced to five years and at the same time was adjudged guilty of kidnapping and sentenced to twenty years to run consecutively. On the 28th of June, 1967, the defendant was adjudged guilty of murdering a fellow-convict on a government reservation and in accordance with State's Exhibit One, a certified copy of this judgment, was sentenced to five years to commence to run from the expiration of the sentences he was at that time serving.
The defendant was paroled in 1975 and on January 7, 1977, committed the series of acts wherein he killed Willie Mae Hammock, Lois Tatum and John Tatum. Accordingly, the Court finds that under the 1975 Code of Alabama, Section 13-11-6 (3), the defendant knowingly created a great risk of death to many persons.
The Court finds there are no mitigating circumstances of a kind enumerated in the 1975 Code of Alabama, Section 13-11-7.
The Court, having considered all the circumstances, accepts the death penalty as fixed by the jury.
Done this the 22 day of Feb., 1980.
 /s/ G.F. Goodwyn, Jr.
G.F. Goodwyn, Jr., Judge
And now on this the 22 day of Feb., 1980, the defendant, Walter Hill, being in open court with his counsel, the Honorable Robert C. Boyce, III, and having been convicted by a jury of Capital Felony and his punishment fixed by said Jury at Death, the defendant, Walter Hill, being asked by the Court if he had anything to say why the Judgment of the Court and the sentence of the law should not now be pronounced upon him says,I am not Guilty.
It is, therefore, considered by the Court and it is the judgment of the Court that the defendant, Walter Hill, is guilty of Capital Felony in accordance with the verdict of the Jury in this cause and it is the judgment of the Court and the sentence of the law that the said Walter Hill suffer death by electrocution on the 23rd day of May, 1980, and the Sheriff of Jefferson County, Alabama, be and he hereby is directed to deliver the defendant, the said Walter Hill, to the custody of the Director of the Department of Corrections and Institutions at Montgomery, Alabama, and the designated executioner shall, at the proper place for the execution of one sentenced to suffer death by electrocution, cause a current of electricity of sufficient intensity to cause death, and the application and continuance of such current, to pass through the body of said Walter Hill, until said Walter Hill is dead.
Done and ordered the 22 day of Feb., 1980.
 /s/ G.F. Goodwyn, Jr.
G.F. Goodwyn, Jr., Judge
22 Feb. 1980: The defendant is hereby declared to be indigent, a free transcript is ordered, and the Honorables Jackie McDougal and Robert C. Boyce, III, are appointed to represent defendant on appeal.
 /s/ G.F. Goodwyn, Jr.
G.F. Goodwyn, Jr., Judge