The appellant, Walter Hill, appeals from the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In his petition Hill attacked his capital murder conviction and sentence to death by electrocution. Hill is scheduled to *Page 1224 
be executed in Alabama's electric chair on May 2, 1997.
In 1977, Hill was convicted of murdering Lois Tatum, Willie Mae Hammock, and John Tatum, offenses made capital because two or more persons were killed pursuant to one course of conduct.[1]
This case has a long and complicated procedural history in the Alabama appellate courts. It is an excellent example of the many tiers of judicial review that attach to a capital murder conviction and sentence of death. After Hill was convicted in 1977, this court, on direct appeal, remanded the case for the circuit court to hold a hearing to determine the views of two of the jurors concerning the death penalty. Hill v. State,371 So.2d 60 (Ala.Cr.App. 1978). The Alabama Supreme Court denied the state's request for certiorari review in Hill v. State,371 So.2d 64 (Ala.Cr.App. 1979). After the jurors in question stated on remand that although they held strong beliefs in opposition to the death penalty they would not automatically vote against imposition of the death penalty regardless of the facts and circumstances that might emerge during the trial, this court reversed Hill's conviction. Hill v. State, 371 So.2d 64
(Ala.Cr.App. 1979). Hill was retried and convicted of capital murder a second time. On direct appeal from his second conviction, this court remanded Hill's case for a new trial on the authority of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980). Hill v. State, 407 So.2d 567
(Ala.Cr.App. 1981), cert. denied, 407 So.2d 567 (Ala. 1981). InBeck, the United States Supreme Court held that a death sentence could not be upheld if the jury was not allowed to consider any lesser included offenses.[2] However, the United States Supreme Court remanded Hill's case after that Court released Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049,72 L.Ed.2d 367 (1982), which modified Beck and held that Beck does not mandate a new trial if the evidence negates the giving of instructions on lesser offenses. Alabama v. Hill,457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982). After considering the ramifications of Beck and Hopper, this court, in Hill v.State, 455 So.2d 930 (Ala.Cr.App. 1984), affirmed Hill's conviction. The Alabama Supreme Court affirmed this court's judgment in Ex parte Hill, 455 So.2d 938 (Ala. 1984), and the United States Supreme Court denied certiorari review in Hill v.Alabama, 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984). Hill's last direct appeal from his conviction ended when the United States Supreme Court denied certiorari review in 1984.
The trial court made the following findings of fact in its sentencing order, which is also attached as an appendix to this court's opinion in Hill, 455 So.2d at 937:
 "The defendant, Walter Hill, was about 45 years old on January 7, 1977. The defendant was at the home of Willie Mae Hammock, John and Lois Tatum and Robert and Toni Hammock [then 13-years of age]. Some time after 4:30 on the evening of the 7th, Walter Hill asked Willie Mae Hammock if he could marry Toni. Willie Mae said, 'No,' and then went to a clothes closet in the front bedroom. Walter Hill followed her to the closet and shot her in the back of the head. Walter Hill then went to the dining room and shot John Tatum, Lois Tatum's retarded brother, in the back of the head twice. Then the defendant chased Lois Tatum through the house catching her and shooting her in the back of the head.
 "Thereupon, the defendant told Toni to get her clothes, and leaving 814 Mulga Avenue they proceeded to Atlanta, Georgia, where [the] defendant kidnapped a man, telling him he had killed three people and would kill anyone that got in his way.
 "Thereupon, on January 9, 1977, the defendant was apprehended in Williamston, North Carolina, having in his possession a *Page 1225 
.32 caliber pistol that was proved to be the murder weapon."
The trial court also found that Hill had a history of violent criminal convictions. In 1952, Hill pleaded guilty to murder in the second degree and was sentenced to 10 years in the state penitentiary. Hill was released from prison and in 1961 joined the Jamaican Army. After receiving a dishonorable discharge Hill was subsequently imprisoned in a federal penitentiary for violating the Dyer Act (prohibits transporting a stolen vehicle across state lines) and for kidnapping. While in federal prison Hill was convicted of murdering a fellow inmate. Within two years after being released on parole Hill committed the triple murder that is the subject of this appeal.
In 1985, Hill filed his first post-conviction petition attacking his conviction and his sentence to death — a petition for writ of error coram nobis.[3] A hearing was held on the petition, and in a thorough order, the Honorable James Garrett, who also presided over the petition that is the subject of this current appeal, denied the petition. This court affirmed the trial court's denial with an unpublished memorandum and both the Alabama Supreme Court and the United States Supreme Court denied certiorari review. In 1990, Hill again attacked his conviction by filing another petition for post-conviction relief under then Rule 20, of the Ala.R.Crim.P.Temp. (now Rule 32, Ala.R.Crim.P.) This petition was denied on procedural grounds. No appeal was taken from the denial of this petition.
Hill also attacked his conviction in the federal courts. In 1990, Hill filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama. That court denied the petition and the Eleventh Circuit Court of Appeals affirmed that denial in a lengthy opinion. Hill v. Jones, 81 F.3d 1015 (11th Cir. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997).
This Rule 32 petition, Hill's third petition for postconviction relief in an Alabama state court, was filed in March 1997, less than a month after the appellant's May 2 execution date had been set in February 1997. Hill's 50-page petition makes the following allegations:
 1) That the prosecutor violated the Equal Protection Clause by using his peremptory challenges to exclude all blacks from jury service, thereby, violating Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986);
 2) That one of his lawyers had had a conflict of interest;
 3) That the trial judge had erred in death-qualifying the jury;
 4) That the indictment failed to allege an offense;
 5) That newly discovered evidence entitled him to a new trial because, he says, the Government withheld exculpatory impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.E[d].2d 215 (1963);
 6) That he was denied a fair trial because of alleged, prosecutorial misconduct;
 7) That the jury instructions did not include instructions on lesser included offenses and that the instruction on reasonable doubt was erroneous;
 8) That he was denied the effective assistance of counsel because, he says, his lawyers did not investigate or adequately prepare for the penalty phase of his second trial;
 9) That the trial court erroneously applied aggravating factors in sentencing him and that the trial court's sentencing order was erroneous;
 10) That the 20-year delay in his execution constituted cruel and unusual punishment; and
 11) That and he was not mentally incompetent to be executed.
The trial court denying the petition stated: "Petition for relief from conviction denied *Page 1226 
pursuant to Rule 32.2(a)(2), 32.2(a)(3), 32.2(a)(4), and Rule 32.2(b) and Rule 32.2(c) of the Alabama Rules of Criminal Procedure." We believe that the court correctly denied the petition for the following reasons.
This Court has recognized that the preclusion grounds of Rule 32 apply to cases that involve the death penalty. Horsley v.State, 675 So.2d 908 (Ala.Cr.App. 1996); Grayson v. State,675 So.2d 516 (Ala.Cr.App. 1995), cert. denied, ___ U.S. ___,117 S.Ct. 309, 136 L.Ed.2d 225 (1996); Brownlee v. State,666 So.2d 91 (Ala.Cr.App. 1995); Cade v. State, 629 So.2d 38
(Ala.Cr.App. 1993), cert. denied, 511 U.S. 1046, 114 S.Ct. 1579,128 L.Ed.2d 221 (1994); State v. Tarver, 629 So.2d 14
(Ala.Cr.App. 1993). Our neighboring state of Mississippi also adheres to this view, as the Mississippi Supreme Court expressed in Foster v. State, 687 So.2d 1124, 1129 (Miss. 1996): "Procedural bars . . . are applicable in death penalty post-conviction relief application."
Although the preclusion grounds of Rule 32 apply to death penalty cases, we find it significant that Alabama provides for heightened appellate review of death penalty cases on direct appeal to Alabama's appellate courts. § 13A-5-53, Code of Alabama 1975, and Rule 45A, Ala.R.App.P. This court is obligated by Rule 45A, Ala.R.App.P., to search the record for any error that may have affected the substantial right of the appellant. This case was subjected to such a search in Hill,455 So.2d 930 (Ala.Cr.App. 1984).
Hill's post-conviction petition was barred by the limitations period in Rule 32.2(c), which provides:
 "Subject to the further provisions hereinafter set out in this section the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) [newly discovered evidence] unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."
Justice Hugh Maddox has stated: "The two-year period runs from the date of the issuance of a certificate of judgment by the Court of Criminal Appeals under Rule 41, Alabama Rules of Appellate Procedure." H. Maddox, Alabama Rules of CriminalProcedure 983 (2d ed. 1994). This petition was filed well outside the two-year period provided by Rule. This court has also noted that a postconviction petition "may also be barred by an unreasonable and unexplained delay in filing the petition." Rahman v. State, 563 So.2d 50, 52-53
(Ala.Cr.App. 1990).
The two-year limitations provision of Rule 32.2(c) does not apply to issues concerning the jurisdiction of the court to render judgment (Rule 32.1(b)), a sentence that exceeds that authorized by law (Rule 32.1(c)), or a sentence that has expired, (Rule 32.1(d)). However, the appellant does not raise any of these issues in his petition.
The petition is also barred by Rule 32.2(b), because it is a successive petition. Rule 32.2(b) states in pertinent part:
 "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new grounds or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." *Page 1227 
(Emphasis added.) Hill has failed to prove why any of the issues raised in this petition could not have been raised in his two prior petitions filed in state court. Further, Hill's first petition was adjudicated on the merits, even though his second petition was denied on procedural grounds.
Hill contends that his claims of ineffective assistance of counsel raised in this post-conviction petition should be addressed. However, issues concerning the effectiveness of counsel are barred by the limitations period of Rule 32.2(c), Ala.R.Crim.P. Baker v. State, 667 So.2d 50 (Ala. 1995); Horsleyv. State, 675 So.2d 908 (Ala.Cr.App. 1996); Edwards v. State,671 So.2d 129 (Ala.Cr.App. 1995). "Baker's claim of ineffective assistance of counsel states a claim for relief under Rule 32.1(a), Ala.R.Cr.P.," 667 So.2d at 51, and is barred by the limitations provision of Rule 32.2(c).
Also, what Hill asserts is newly discovered impeachment evidence does not come within the definition of newly discovered evidence contained in Rule 32.1(e), Ala.R.Crim.P. This rule provides:
 "(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 "(1) The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
 "(2) The facts are not merely cumulative to other facts that were known;
 "(3) The facts do not merely amount to impeachment evidence;
 "(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
 "(5) The facts establish that petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that petitioner received."
Hill did not state in his petition when the evidence was discovered and did not allege facts to satisfy the other prongs in Rule 32.1(e).
Hill has failed to meet his burden as to newly discovered evidence under Rule 32.3, Ala.R.Crim.P., which states: "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Because the evidence the appellant contends was newly discovered failed to meet the requirements of newly discovered evidence, it was likewise time barred by Rule 32.2(c), Ala.R.Crim.P. We also note that the appellant raised a substantially similar argument in his first petition for postconviction relief filed in 1985 where he argued in depth that the state had violated Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Even if we were to find that Hill's claim that the length of time he has been incarcerated on death row was not barred by the limitations period of Rule 32.2(c), it would clearly be barred on the preclusion grounds of Rule 32.2(b), Ala.R.Crim.P., because this third petition is a successive petition.[4] As stated previously, although the second petition was denied on preclusion grounds, the first post-conviction petition was adjudicated on the merits. The Alabama Supreme Court recently in Ex parte Bush, 695 So.2d 138 (Ala. 1997) addressed this issue. That Court stated: "We find no merit in Bush's argument that the same constitutional protections that have kept him from being executed for the past 16 years are simultaneously violating his constitutional rights." Likewise, we *Page 1228 
find no violation of Hill's constitutional rights.
Hill has totally exhausted the appellate review of his conviction and sentence to death and finality has attached to the proceedings. Hill's May 2 execution date should not be disturbed. The trial court's denial of Hill's petition for post-conviction relief is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant was convicted of capital murder under the former Death Penalty Statute, § 13-11-2(a)(10), Alabama Code 1975, which made capital the intentional murder of two or more persons by one course of conduct. The current statute is §13A-5-40(10).
[2] When the appellant was tried, the Death Penalty Statute, § 13-11-2(a), contained a provision that the offenses made capital in that section did not include any lesser included offenses. This provision precluded a jury's considering any lesser included offenses.
[3] "The common law writ of coram nobis in criminal cases has been incorporated into Rule 32." H. Maddox, Alabama Rules ofCriminal Procedure 971 (2d ed. 1994). Furthermore, Rule 32.4, Ala.R.Crim.P., provides that Rule 32 "replaces all post-trial remedies except post-trial motions under Rule 24 [motions for new trial] and appeal."
[4] We note that when Hill filed his first petition for postconviction relief in 1985 he had been incarcerated on death row for approximately eight years. Further, Hill did not raise this claim when he filed his second petition in 1990, after he had been incarcerated for 13 years. He raises this claim for the first time in this last minute petition.
 *Page 1